1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

19

20

AMBER P.,

                                    Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

                                    Defendant.

Case No.:  21-CV-1321-DEB

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND DENYING
DEFENDANT'S CROSS-MOTION
FOR SUMMARY JUDGMENT**

**[DKT. NOS. 14, 15]**

**I.      INTRODUCTION**

        Plaintiff Amber P. seeks judicial review of the Commissioner of Social Security's

denial of her application for disability benefits. Dkt. No. 1. The parties have filed cross-

motions for Summary Judgment and Plaintiff replied. Dkt. Nos. 14–16.

        For the reasons discussed below, the Court GRANTS Plaintiff's Motion for

Summary Judgment, DENIES Defendant's Cross-Motion for Summary Judgment, and

REMANDS this matter for further proceedings.

/ / /

/ / /

21

22

23

24

25

26

27

28

## II.   PROCEDURAL BACKGROUND

Plaintiff applied for Supplemental Security Income alleging disability beginning October 19, 2016. AR 26. The Social Security Administration ("SSA") denied Plaintiff's application initially and on reconsideration. *Id.* Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing. *Id.* The ALJ found Plaintiff not disabled. AR 26–38. The Appeals Counsel denied Plaintiff's request for review (AR 1–6) and this case followed (Dkt. No. 1).

## III.   SUMMARY OF ALJ'S DECISION

The ALJ's denial followed the five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found Plaintiff had "not engaged in substantial gainful activity since October 10, 2016." AR 28.

At step two, the ALJ found Plaintiff had the following medically determinable severe impairments: "incipient degenerative disc disease of the cervical spine and lumbar spine; complex regional pain syndrome; and migraine headaches." *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. AR 31.

Before proceeding to step four, the ALJ found Plaintiff had the residual functional capacity ("RFC"):

> to perform light work . . . except additionally limited to: occasional balancing, stooping, kneeling, or crouching; occasional climbing ramps or stairs; no crawling or climbing ladders, ropes or scaffolds; no work at unprotected heights or around dangerous moving machinery; needs to avoid loud noise environments; needs to avoid bright flashing lights but can otherwise tolerate lighting as is typical in an office, clinic or factory setting.

*Id.* The ALJ also found Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his symptoms was "not entirely consistent with the medical evidence and other evidence." AR 32.

1    At step four, the ALJ found Plaintiff could perform her past relevant work as a

2  medical assistant and vocational instructor. AR 36–37.

3    The ALJ found Plaintiff was not disabled but analyzed step five in the alternative.

4  AR 37. The ALJ determined Plaintiff could also perform the representative unskilled light

5  occupations of cashier II, assembler, office helper, as well as the unskilled sedentary jobs

6  of table worker, production worker, and document preparer. AR 37–38.

7    **IV.    STANDARD OF REVIEW**

8    The Court reviews the ALJ's decision to determine whether the ALJ applied the

9  correct legal standards and whether the decision is supported by substantial evidence.

10  42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). Substantial

11  evidence is "such relevant evidence as a reasonable mind might accept as adequate to

12  support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)

13  (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a

14  mere scintilla but, less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009

15  (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

16    The Court "must consider the entire record as a whole and may not affirm simply by

17  isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159

18  (9th Cir. 2012) (internal quotation marks and citation omitted). The Court may not impose

19  its own reasoning to affirm the ALJ's decision. *Garrison*, 759 F.3d at 1010. "[I]f evidence

20  exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's]

21  decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

22  The Court will not reverse if any error is harmless. *Marsh v. Colvin*, 792 F.3d 1170, 1173

23  (2015) ("ALJ errors in social security cases are harmless if they are inconsequential to the

24  ultimate nondisability determination and that a reviewing court cannot consider [an] error

25  harmless unless it can confidently conclude that no reasonable ALJ . . . could have reached

26  a different disability determination.") (internal citations and quotations omitted).

27    Prior to March 27, 2017, the SSA "gave more weight to the medical opinion of a

28  source who has examined [the claimant] than to the medical opinion of a medical source

1   who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1). The SSA could reject

2   a treating physician's opinion only "by providing specific and legitimate reasons that are

3   supported by substantial evidence." *Garrison*, 759 F.3d at 1012.

4       The SSA changed the treating physician rule effective March 27, 2017. Now, the

5   SSA "will not defer or give any specific evidentiary weight, including controlling weight,

6   to any medical opinion(s) or prior administrative medical finding(s), including those from

7   . . . medical sources." 20 C.F.R. § 404.1520c(a). Instead, all medical opinions are evaluated

8   based on supportability, consistency, relationship with the claimant, specialization, and

9   other factors. *Id.* § 404.1520c(c).

10  **V.    DISCUSSION**

11      Plaintiff alleges the ALJ committed three errors: (1) failing to consider Plaintiff's

12  complex regional pain syndrome ("CRPS") under Social Security Ruling 03-2p, 2003 WL

13  22399117 (Oct. 20, 2003) ("SSR 03-2p"); (2) failing to consider the effect of mental

14  limitations on Plaintiff's CRPS; and (3) rejecting Plaintiff's subjective symptom testimony.

15      **A. Social Security Ruling 03-2p**

16      The ALJ identified CRPS as one of Plaintiff's severe impairments. AR 28. Plaintiff

17  claims the ALJ erred by not evaluating Plaintiff's CRPS under SSR 03-2p. The Court

18  agrees.

19      SSR 03-2p contains detailed guidance on evaluating CRPS-based disability claims.

20  It discusses how CRPS is: (1) diagnosed; (2) treated; (3) identified as a medically

21  determinable impairment; (4) documented as a medically determinable impairment; and

22  (5) evaluated. 2003 WL 22399117, at *4–8.

23      Although SSR 03-2p refers to the superseded treating physician rule, *see, e.g.*, 2003

24  WL 22399117, at *5 ("Medical opinions from treating sources . . . are entitled to deference

25  and may be entitled to controlling weight."), the SSA has not rescinded SSR 03-2p and

26  most of its teaching is unrelated to the treating physician rule. The ALJ, therefore, was

27  required to evaluate Plaintiff's CRPS under SSR 03-2p. *See Orn v. Astrue*, 495 F.3d 625,

28  636 (9th Cir. 2007) ("Although Social Security Rulings do not have the same force and

1  effect as the statute or regulations, they are binding on all components of the Social Security

2  Administration . . . and are to be relied upon as precedents in adjudicating cases."");

3  *Deborah M. v. Berryhill*, No. 19-cv-1902-DMR, 2020 WL 7625483, at *6 (N.D. Cal. Dec.

4  22, 2020) (remanding because "it [was] not clear that the ALJ evaluated the medical

5  evidence in light of the unique characteristics of CRPS . . . and the guidance in

6  SSR 03-2p.").

7      Having concluded SSR 03-2p applies to Plaintiff's CRPS claim, the Court next

8  considers whether the ALJ evaluated Plaintiff's CRPS consistent with the guidance in that

9  ruling. The ALJ's discussion of CRPS consists of the following:

10     The claimant has been diagnosed with chronic regional pain syndrome based
       on claimant's subjective account of her pain. Examinations are only notable

11     for total body tenderness to palpitation. However, there is inadequate medical

12     evidence and treatment to support a disabling level of impairment.

13  AR 32.

14     The ALJ's decision does not cite SSR 03-2p, and the decision contains no analysis

15  from which the Court can infer the ALJ considered and applied that ruling. For example,

16  the ALJ wrote, "[i]t is noteworthy that the claimant's back pain has not been reported as

17  constant," but the ALJ did not consider SSR 03-2p's teaching that the signs of CRPS "are

18  not present continuously, or the signs may be present at one examination and not appear at

19  another." 2003 WL 22399117, at *4. The ALJ's decision also discussed multiple

20  inconsistent opinions regarding Plaintiff's RFC (AR 34–36), but the ALJ did not consider

21  SSR 03-2p's warning that "conflicting evidence in the medical record is not unusual." 2003

22  WL 22399117, at *5. And, although the ALJ found Plaintiff's mental impairment presented

23  only mild limitations (AR 30–31), the ALJ did not consider that mental impairments might

24  "potentially contribute to a reduced pain tolerance." 2003 WL 22399117, at *3.

25     In sum, the ALJ's decision does not cite SSR 03-2p and it is apparent the ALJ did

26  not consult that ruling in evaluating Plaintiff's CRPS. The Court, therefore, reverses and

27  remands Plaintiff's claim for reconsideration under SSR 03-2p. *Givens v. Kijakazi*, No. 19-

28  35671, 2022 WL 1486829, at *1 (9th Cir. May 11, 2022) (reversing and remanding non-

disability ruling because, among other reasons, "[t]he ALJ also failed to consult the guidance of [SSR] 03-2p. . . . On remand, the ALJ is directed to evaluate [Plaintiff's] CRPS with the guidance of SSR 03-2p."); *cf. Shepard v. Comm'r Soc. Sec.*, 705 F. App'x 435, 440 (6th Cir. 2017) (affirming where "[t]he structure and analysis in the ALJ's decision demonstrate[d] that she considered [the plaintiff's] claim in conformance with SSR 03-2p").

## B. Discounting Physicians' Opinions and Subjective Symptom Testimony

Plaintiff raises additional arguments regarding the ALJ's alleged failure to apply SSR 03-2p to the treating physician's opinion, Plaintiff's mental limitations, and Plaintiff's subjective symptom testimony. Dkt. No. 14 at 7–13; Dkt. No. 16 at 2–7. For the reasons discussed above, the ALJ erred by not applying SSR 03-2p to the medical record. The ALJ must do so on remand. *See Deborah M.*, 2020 WL 7625483, at *6 (finding "in light of the unique characteristics of CRPS . . . and the guidance in SSR 03-2p," the ALJ erred in not considering SSR 03-2p when evaluating medical opinions and subjective symptom testimony, and the error was not harmless); *Givens*, 2022 WL 1486829, at *1 ("The ALJ's errors [*i.e.*, failure to apply SSR 03-2p when considering medical opinions and formulating Plaintiff's RFC] were not harmless because they were not inconsequential to the ultimate nondisability determination.") (internal citation and quotation omitted).

## VI. REMAND

Remand is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g.*, *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). This is a case where additional administrative proceedings could remedy the defects in the ALJ's decision. *See Givens*, 2022 WL 1486829, at *1 (remanding for the ALJ to evaluate CRPS under SSR 03-2p). On remand, the ALJ is directed to evaluate Plaintiff's CRPS and reassess her RFC consistent with the guidance of SSR 03-2p.

/ / /

/ / /

/ / /

1

## VII.   CONCLUSION

2      For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary

3   Judgment, **DENIES** Defendant's Cross-Motion for Summary Judgment, and **REMANDS**

4   this matter for further proceedings.

5      **IT IS SO ORDERED.**

6

7   Dated:  March 30, 2023

8   _____

9   Honorable Daniel E. Butcher
United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28